No. 86-280

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

HAROLD NOEL ST. GODDARD,

        Defendant and Appellant.

---

APPEAL FROM:  District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Donald A. Garrity, Helena, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana

        Harold Hanser, County Attorney, Billings, Montana
        Donna K. Heffington, Deputy County Atty., Billings,
        Montana

---

Submitted on Briefs: Feb. 13, 1987

Decided:  March 19, 1987

Filed:  MAR 1 9 1987

*Ethel M. Harrison*

Clerk

Mr. Justice Frank B. Morrison, Jr. delivered the Opinion of the Court.

Defendant, Harold St. Goddard, appeals a Yellowstone County District Court jury verdict convicting him of sexual intercourse without consent. We affirm.

Defendant was a teacher and track coach during the school years 1983-84 and part of 1984-85. The victim, C.L., was under the age of 16 and an eighth grader at another school. C.L. contends that during this time, she and defendant entered into a romantic liaison. A sexual relationship allegedly started with defendant fondling C.L. on December 17, 1983. Sexual intercourse eventually occurred on numerous occasions. However, C.L. is apparently unable to remember specific details or dates other than August 9, 1984.

C.L. testified at trial that she was attending a debate conference in Billings, Montana, on August 9, 1984. Defendant allegedly came to the dorm where she was staying and drove her to a motel where he had rented a room. C.L. testified that she became angry with defendant that night and did not wish to engage in sexual intercourse with him. She further testified that she fell asleep and awoke to defendant performing sexual intercourse on her.

Defendant allegedly ended the relationship in the fall of 1984. C.L. wrote numerous letters to defendant asking him to contact her. The letters contained false information designed to engage defendant's sympathies and force him to communicate with her. C.L.'s mother found drafts of the letters in C.L.'s wastebasket. Charges were thereafter brought against defendant, alleging that defendant engaged in sexual intercourse without consent with an individual under the age of 16 on August 9, 1984.

Defendant denies having a romantic or sexual relationship with C.L. C.L. babysat for his two sons. Defendant and his wife were friends of C.L.'s parents. Defendant contends that he and C.L.'s mother had an affair in the summer of 1984. After finding his wife in bed with defendant, C.L.'s step-father sought revenge by having these charges brought.

The jury trial lasted five days. Testimony was obtained from many individuals, including defendant, the victim, her friends, her doctor and her social worker, Linda Crummett. Ms. Crummett is a clinical social worker who specializes in treating victims of sexual abuse. She had been counseling C.L. for sexual abuse for nearly a year at the time of the trial. Ms. Crummett was a witness for the State. On cross-examination, victim's counsel elicited the following testimony:

> Q. Ms. Crummett, you indicated that [C.L.] had evidenced suicidal tendencies, anxiety, extremely worried?
>
> A. Yes.
>
> Q. Now if you had falsely accused someone of having sexually assaulted you don't you think those symptoms might likely be present?
>
> A. I don't think they could be maintained over this amount of time.
>
> Q. You don't think they could?
>
> A. Nor do I think she would submit herself to this kind of process.
>
> Q. You don't think she would be extremely worried, she'd be anxious or be suicidal if she falsely accused this man of having had sexual intercourse with her, that's your testimony?
>
> A. That's possible, but I don't think it could be sustained.

Q. Again your testimony is based upon what she has told you, what the county attorney has told you, what the investigating officers have told you, and what her parents have told you?

A. Yes, and I believe her.

Q. And you believe her?

A. Yes, I do.

Tr. vol. I, p. 46, ln. 1-24.

Defense counsel made no objection to or motion to strike Ms. Crummett's comment that she believed the victim. There was no motion for mistrial either. In her closing argument, the prosecutor briefly referred to Ms. Crummett's statement that she believed the victim's story. Again, no objection was made.

Following five hours of deliberation, the jury reached a guilty verdict. Defendant was subsequently sentenced to ten years in the Montana State Prison and ordered to pay C.L. $3,000 for counseling expenses. Two issues are raised on appeal:

1. In a prosecution for sexual intercourse with a child, may an expert in sexual abuse express the opinion that she believes the story of the prosecuting witness?

2. Was it error to allow the prosecuting witness to testify that she and the defendant had engaged in sex on other occasions?

Appellant objects to Ms. Crummett's statement that she believed the prosecuting witness as invading the province of the jury. Appellant acknowledges that no objection or motion to strike was entered at the time Ms. Crummett made the statement. He claims, however, that the issue may be raised on appeal anyway under the "plain error" rule. However, the

4

1983 Legislature substantially limited application of the "plain error" rule in criminal appeals.

> 46-20-104.  Scope of appeal by defendant.  . . .
> (2)  Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment.  Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-702.
>
> 46-20-702.  Types of errors noticed on appeal.  . . . No claim alleging an error affecting jurisdictional or constitutional rights may be noticed on appeal, if the alleged error was not objected to as provided in 46-20-104, unless the defendant establishes that the error was prejudicial as to his guilt or punishment and that:
> (1)  the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;
> (2)  the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant or his attorney that prevented the claim from being raised and disposed of; or
> (3)  material and controlling facts upon which the claim is predicated were not known to the defendant or his attorney and could not have been ascertained by the exercise of reasonable diligence.

The alleged error does not meet the criteria contained in § 46-20-702, MCA.  We therefore refuse to entertain the first issue.

The second issue is whether it was error to allow C.L. to testify about other occasions when she and the defendant had engaged in sexual intercourse.  Rule 404(b), M.R.Evid. and State v. Just (1979), 184 Mont. 262, 602 P.2d 957, control.  Rule 404(b), M.R.Evid. states:

> (b)  Other crimes, wrongs, acts.  Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan,

knowledge, identity, or absence of mistake or accident.

In *Just*, supra, this Court further limited the use of other crimes evidence. Before other crimes evidence may be admitted, the State must provide:

1) notice of the introduction of the evidence;

2) an explanation to the jury at the time of the introduction of the evidence about the purpose for which the evidence is introduced; and

3) an instruction that the evidence is to be received only for the enumerated limited purposes.

*Just*, 184 Mont. at 274, 602 P.2d at 963-964.

All criteria have been met in this instance. A *Just*, notice was filed by the State 3 days before the start of the trial. The jury was cautioned before the introduction of the evidence. See transcript, vol. I, p. 59, ln. 4-18. The jury was instructed on the same matter in Instruction No. 4.

*Just*, supra, also contains a four-part test for determining whether the other crimes are substantively admissible. They are:

1) similarity of crimes or acts;

2) nearness in time;

3) tendency to establish a common scheme, plan or system; and

4) probative value of the evidence outweighs the prejudicial effect.

*Just*, 184 Mont. at 269, 602 P.2d at 961.

Again, all criteria are met. The evidence is of crimes identical to the one with which defendant is charged. The acts occured within a 9 month span. They show the system of operation engaged in by the defendant, engaging in a sexual

relationship with C.L.    Finally,    their    probative    value
outweighs their prejudicial effect.

     Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices