No. 86-569

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

———————————

THE STATE OF MONTANA,

        Plaintiff and Respondent,

  -vs-

MARTIN MORRIS REDFERN,

        Defendant and Appellant.

———————————

APPEAL FROM: District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        E. June Lord, Great Falls, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Barbara Claassen, Asst. Atty. General, Helena
Patrick L. Paul, Cascade County Attorney, Great Falls,
Montana

———————————

Submitted on Briefs: July 30, 1987

Decided: September 10, 1987

SEP 10 1987

Filed:

_Ethel M. Harrison_
———————————
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.


The defendant was initially charged by information in the District Court, Eighth Judicial District, Cascade County, with deliberate homicide in connection with the shooting death and subsequent concealment of the body of Scott Scissons. Following a jury trial in which the jury could not reach a verdict, a plea bargain agreement was entered into between the defendant and the Cascade County Attorney's office. Pursuant to the plea bargain agreement, the defendant entered a plea of guilty to an amended information charging negligent homicide.

The District Court sentenced the defendant to a term of ten years in prison with an additional ten years to run consecutively for the use of a dangerous weapon. The defendant now challenges the application of the enhancement statute, § 46-18-221, MCA, to his sentence. We affirm.

Defendant presents the following issues to the Court:

1. Does § 46-18-221, MCA, providing for an additional sentence if a firearm is used during the commission of a crime, apply to negligent homicide?

2. Does § 46-18-221, MCA, as written and applied deprive the defendant of due process of law in violation of the Montana and United States Constitutions?

We shall address the issues in the order presented.

The crux of the defendant's argument is that the "knowingly" mental state required by the sentence enhancement statute precludes its application to a situation where the victim of a homicide is "negligently" or more particularly "accidentally" killed. Such an interpretation of the enhancement statute conflicts with the plain meaning of the language used by the legislature. Section 46-18-221, MCA, provides, in pertinent part:

> A person who has been found guilty of <u>any offense</u> and who, while engaged in the commission of the offense, knowingly displayed, brandished, or otherwise used a firearm . . . shall, in addition to the punishment provided for the commission of such offense, be sentenced to a term of imprisonment in the state prison of not less than 2 years or more than 10 years,. . . (Emphasis added.)

By its terms, the enhancement statute applies to the commission of "any offense." The defendant asserts that the "knowingly" mental state required by the enhancement statute and the "negligent" mental state required by the negligent homicide provision are mutually exclusive. We disagree. As this Court has stated, "a person can knowingly use a firearm and still be negligent by grossly deviating from the conduct of a reasonable person in a similar situation with regard to the results of his actions." State v. Hubbard (1982), 200 Mont. 106, 112, 649 P.2d 1331, 1334; State v. Stroud (Mont. 1984), 683 P.2d 459, 41 St.Rep. 919.

The defendant's attempt to distinguish <u>Hubbard</u> and <u>Stroud</u>, supra, based on the allegedly accidental nature of the homicide in the instant case does not hold water. In each case, the defendant was found to have committed negligent homicide. Negligently, within the meaning of negligent homicide, is defined in § 45-2-101(37), MCA. It provides:

> "Negligently"--a person acts negligently with respect to a result or to a circumstance described by a statute defining an offense when he consciously disregards a risk that the result will occur or that the circumstance exists or when he disregards a risk of which he should be aware that the result will occur or that the circumstance exists. The risk must be of such a nature and degree that to disregard it involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation. "Gross deviation" means a deviation that is considerably greater than lack of ordinary care.

- 3 -

Whether the gross deviation occurs because the offender "only intended to wing [the victim]" as in Hubbard or accidently released the hammer of the pistol as is alleged in the instant case is immaterial. In both situations the result is the same, a person lost their life due to the inexcusably negligent and criminal actions of another. Either situation satisfies the definition of criminal negligence.

Defendant next contends that the enhancement statute as written and applied is violative of due process as guaranteed by the Montana and United States Constitutions. A review of the trial proceedings demonstrates that the issue was not raised at the time, however. Subject to the exceptions of § 46-20-702, MCA, this Court will not entertain issues not raised at trial. State v. St. Goddard (Mont. 1987), 734 P.2d 680, 682, 44 St.Rep. 551, 554.

We hold that the sentence enhancement statute was properly applied in this case.

Affirmed.

_____
Justice

We Concur:

_____
_____
_____
Justices