No. 87-217

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

_____

THE STATE OF MONTANA,

        Plaintiff and Respondent,

   -vs-

PHIL WILKINS,

     Defendant and Appellant.

_____

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Nat Allen, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Phil Wilkins, pro se, Deer Lodge, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
Betsy Brandborg, Asst. Atty. General, Helena
Susan Loehn, County Attorney, Libby, Montana
Scott B Spencer, Deputy County Attorney, Libby

_____

Submitted on Briefs:  Sept. 10, 1987

Decided: November 4, 1987

Filed:  NOV 4 - 1987

_____
                        Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Following trial by jury in the District Court of the Nineteenth Judicial District, Lincoln County, defendant was convicted of two counts of criminal sale of dangerous drugs. We reverse.

Defendant raises the following issues on appeal:

1. Did the District Court err when it informed the defendant of his right to testify in front of the jury?

2. Did the District Court correctly admit hearsay evidence of other acts?

3. Was the State's evidence sufficient to prove that the substance sold by the defendant was marijuana?

We find the first issue dispositive.

As a result of an undercover drug operation, the defendant was charged by information with two counts of criminal sale of dangerous drugs. At arraignment, the defendant indicated he would represent himself. Although the District Court granted the defendant's request to proceed pro se, David Harman was appointed standby counsel. Harman assisted the defendant with the preparation and presentation of his case.

During trial, the District Court engaged in the following exchange with the defendant before the jury:

MR. HARMAN: We have no further witnesses and we rest our case. Is that right, Mr. Wilkins?

MR. WILKINS: Yes.

THE COURT: You don't wish to take the stand yourself?

MR. WILKINS: No, Your Honor.

THE COURT: You have a right to.

MR. WILKINS: Thank you.

THE COURT: You have a right to do that. You choose not to; is that right?

MR. WILKINS: That is right.

THE COURT: Do you have any rebuttal, Mr. County Attorney?

The defendant did not object to the remarks of the District Court. Nor did he move for a mistrial.

Following settlement of instructions, the District Court raised the issue of whether there should be an instruction on the defendant's failure to testify. A curative instruction was subsequently offered by the defendant and given by the District Court.

As a general rule, this Court will not entertain issues not raised at trial. State v. St. Goddard (Mont. 1987), 734 P.2d 680, 44 St.Rep. 551. If a defendant fails to lodge a timely objection to the remarks and conduct of the presiding judge, he will not be heard on appeal. State v. Martin (Mont. 1987), 736 P.2d 477, 480, 44 St.Rep. 804, 808. Contrary to the defendant's assertion, the failure to object in a timely manner does in fact constitute a waiver of any alleged error. Section 46-20-104, MCA. Allegations that objection would be futile or contrary to modern defense tactics are without merit.

General rules are not without exception, however. In Halldorson v. Halldorson (1977), 175 Mont. 170, 573 P.2d 169, we recognized that appellate courts have a duty to assure that the substantial rights of the parties have not been infringed. 175 Mont. at 174, 573 P.2d at 172. The plain error doctrine provides a remedy in such situations to prevent manifest injustice. When the substantial rights of a

defendant are involved, the lack of timely objection does not preclude us from exercising our power of discretionary review to examine any error at the trial court level. State v. Harris (Mont. 1984), 682 P.2d 159, 162, 41 St.Rep. 866, 870; Rule 103(d), M.R.Evid.

The power of discretionary review is to be employed sparingly. As the Commission Comments to Rule 103, M.R.Evid. indicate, the plain error doctrine "will be used in exceptional cases and should not be relied upon by counsel." We will invoke plain error only when it is necessary to insure a fair and impartial trial. Halldorson, 175 Mont. at 174, 573 P.2d at 172. The case at hand is such a case.

Art. II, § 25 of the Montana Constitution guarantees the right against self-incrimination. Inherent in the concept is the right of a criminal defendant to refrain from taking the witness stand with impunity. State v. Gonyea (Mont. 1987), 730 P.2d 424, 427, 44 St.Rep. 39, 43. "For comment on the refusal to testify is a remnant of the 'inquisitorial system of criminal justice' which the [right against self-incrimination] outlaws." Griffin v. California (1965), 380 U.S. 609, 614, 85 S.Ct. 1229, 1232, 14 L.Ed.2d 106, 109. "It cuts down on the privilege by making its assertion costly." Griffin, 380 U.S. at 614, 85 S.Ct. at 1233, 14 L.Ed.2d at 110.

The defendant contends that the court's remarks concerning taking the stand infringed on his right to remain silent. The test to be applied is whether the court's remarks were "manifestly intended or [were] of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." State v. Anderson (1970), 156 Mont. 122, 125, 476 P.2d 780, 782, citing Knowles v. United States (10th Cir. 1955), 224 F.2d 168, 170. Upon a showing that there is a reasonable

possibility that the comments complained of might have contributed to the conviction, reversible error will be presumed. See Chapman v. California (1967), 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705, 710. In order to rebut the presumption, the State must prove beyond a reasonable doubt that the error did not taint the conviction. State v. Gladue (Mont. 1984), 677 P.2d 1028, 41 St.Rep. 249.

We find no evidence that the District Court manifestly intended to comment on the defendant's failure to take the stand. Quite to the contrary, the record is replete with examples of the District Court making every effort to ensure that the defendant's decision to represent himself did not work to his detriment. The District Court's inquiry represented an attempt to ensure that the defendant, an Australian citizen here on a one year visa, was fully aware of his right to testify.

However, we are unable to find, beyond a reasonable doubt, that the District Court's remarks were harmless error. The exchange clearly emphasized the defendant's failure to take the stand. "What the jury may infer, given no help from the court, is one thing. What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another." Griffin, 380 U.S. at 614, 85 S.Ct. at 1233, 14 L.Ed.2d at 110. The District Court's comments had the effect of focusing the jury's attention on the defendant's silence at a late stage of the trial. We are not convinced that the curative instruction remedied the error. The judgment of the District Court is therefore reversed and remanded.

Although we do not reach the remaining issues, judicial economy demands comment. We caution the District Court concerning the testimony of Detective Bernall. At the time he testified on recall that the defendant was suspected of

selling drugs, it had not been alleged that the undercover agent had fabricated his story nor had the defendant yet called his character witnesses.

_____
                                        Justice

We Concur:

_____
         Chief Justice

_____

_____

_____

_____
            Justices

- 6 -

Mr. Justice L. C. Gulbrandson, dissenting.

I respectfully dissent.

In my opinion, the legal issue upon which the majority bases its reversal is controlled by State v. Martin (Mont. 1987), 736 P.2d 477, 480, 44 St.Rep. 804, 808, and § 46-20-104(2), MCA.

There was no objection made to the trial judge's inquiry until the filing of appellant's brief with this Court. There was no request for an in-chambers objection to the inquiry, no motion for dismissal or new trial, and in fact two curative jury instructions were prepared by defense counsel and given by the trial judge.

Those instructions read as follows:

INSTRUCTION NO. __12__

It is a constitutional right of a defendant in a criminal trial that he may not be compelled to testify. You may not draw any inference from the fact that he does not testify. Further, you must neither discuss this matter nor permit it to enter into your deliberations in any way.

INSTRUCTION NO. __13__

In deciding whether or not to testify, the defendant may choose to rely on the state of the evidence and upon the failure, if any, of the State to prove beyond a reasonable doubt every essential element of the charge against him, and no lack of testimony on the defendant's part will supply a failure of proof by the State so as to support a finding against him on any such essential element.

I would not invoke the plain error doctrine under the facts of this case.

_____
Justice

7