No. 89-461

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

STATE OF MONTANA,

      Plaintiff and Respondent,

   -vs-

JAMES AMSK,

      Defendant and Appellant.


APPEAL FROM:  District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron Robb, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Larry Jent, Bozeman, Montana

      For Respondent:

      Honorable Marc Racicot, Attorney General, Helena, Montana
Patti Powell, James Yellowtail, Assistant Attorneys General, Helena, Montana
William Nels Swandal, Park County Attorney, Livingston, Montana


Submitted on Briefs: May 10, 1990

Decided: May 25, 1990

Filed:

_____

Clerk

Justice Diane G. Barz delivered the Opinion of the Court.

James Amsk appeals from a jury verdict entered in the District Court of the Sixth Judicial District, Park County, convicting him of three counts of felony criminal sale of dangerous drugs in violation of § 45-9-101, MCA. Defendant was sentenced to seven years with five suspended on each count with the sentences to be served concurrently. The District Court fined defendant $3,000 and designated him a non-dangerous offender. We affirm.

Defendant was charged by information with sales of marijuana to a police informant on November 11, 12 and 14, 1988. Defendant did not testify at trial. Defendant's sole citation of error concerns the following instruction given by the District Court:

> The law does not compel a defendant in a criminal case to take the witness stand to testify, and no presumption of guilt may be raised, and no inference of any kind may be found, from the failure of a defendant to testify.
>
> The law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.
>
> A defendant who wishes to testify, however, is a competent witness; and the defendant's testimony is to be judged in the same way as that of any other witness.

The State offered this instruction. The record reflects no objection by counsel for the defense nor did the defense offer an alternative instruction. Defendant argues that this instruction improperly focused the attention of the jury on his failure to testify in violation of his federal and state constitutional

2

rights. He further asserts that giving such an instruction in the particular circumstances of this case was plain error.

Section 46-20-104(2), MCA, provides:

> Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).

That section reads as follows:

> No claim alleging an error affecting jurisdictional or constitutional rights may be noticed on appeal, if the alleged error was not objected to as provided in 46-20-104, unless the defendant establishes that the error was prejudicial as to his guilt or punishment and that:
>
> (a) the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;
>
> (b) the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant or his attorney that prevented the claim from being raised and disposed of; or
>
> (c) material and controlling facts upon which the claim is predicated were not known to the defendant or his attorney and could not have been ascertained by the exercise of reasonable diligence.

Section 46-20-701(2), MCA. Defendant's allegation of error clearly does not fall within any of the three exceptions of § 46-20-701(2), MCA. The only facts pertinent to his contention of error are his decision not to testify and the giving of the instruction by the District Court. Both facts were known to defendant and could not have been concealed from him by the State, the court or

3

law enforcement officials.

Notwithstanding the above provisions, we have previously acknowledged that our obligation to preserve the substantial rights of criminal defendants may permit us to overlook the lack of a timely objection. State v. Wilkins (1987), 229 Mont. 78, 80-81, 746 P.2d 588, 589. We invoke our power of discretionary review sparingly and only in the presence of plain error. Wilkins, 746 P.2d at 589. The court orally assured Wilkins of his right to testify at trial and asked him several times if he waived such right. Wilkins, 746 P.2d at 589. In that case, this Court found the District Court's repeated questioning of the defendant constituted plain error requiring reversal of the conviction. Wilkins, 746 P.2d at 590. Although the District Court did not intend to comment on defendant's failure to testify, the effect of the exchange between the court and the defendant was to focus the attention of the jury on the lack of defendant's testimony. Wilkins, 746 P.2d at 590.

In the instant case, the court advised the jury in the first two paragraphs of its instruction that the defendant had a right not to testify and that his failure to testify could not be held against him in any way. This instruction would not have been prejudicial if requested by the defendant and was not rendered prejudicial merely because the State requested it. We find no error in the giving of such an instruction. The third paragraph of the instruction set forth the standard to be used by a jury in evaluating the credibility of a testifying defendant. This part

4

of the instruction should not be given when the defendant declines to testify. However, in the case at hand such error was harmless.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices