No. 91-334

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

SEAN DEAN OGLE,

      Defendant and Appellant.

FILED

NOV 12 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Twentieth Judicial District,
In and for the County of Lake,
The Honorable C. B. McNeil, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Thomas Alan Kragh, Rosscup & Kragh, Polson, Montana

      For Respondent:

      Hon. Marc Racicot, Attorney General, George Schunk,
Assistant Attorney General, Helena, Montana
Larry J. Nistler, County Attorney, Polson, Montana

Submitted on Briefs:  June 26, 1992

Decided:  November 12, 1992

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Sean Dean Ogle was tried by a jury and convicted of sexual assault, a felony, pursuant to § 45-5-502, MCA (1989), in the Twentieth Judicial District Court, Lake County. Appellant appeals from this conviction. We affirm.

Appellant offers three issues for this Court to consider.

1. Was appellant denied his right to a fair trial by repeated instances of alleged prosecutorial misconduct?

2. Did the District Court err by instructing the jury that sexual assault was a lesser included offense of sexual intercourse without consent?

3. Did the District Court err by instructing the jury that "without consent" was an essential element of the offense of sexual assault?

Appellant lived in Polson with his parents across the street from K.B. and S.B. and their children, including their 13-year-old adopted daughter, J.C.B. K.B. was the pastor of a local church and appellant became active in church activities. At the same time, appellant also developed a friendship with J.C.B., who was developmentally disabled and needed special education. J.C.B. enjoyed fishing and frequently would go fishing at the public boat docks near her home. Appellant would sometimes go with J.C.B. and play guitar while she fished.

2

On October 11, 1990, the family planned to attend a local high school basketball game. J.C.B. told her parents that she would rather go fishing and they agreed. At some point, appellant said that he would watch J.C.B. to ensure her safety. When her parents returned from the game, J.C.B. was at home and they did not notice anything unusual.

The following Saturday, S.B. was doing the weekly laundry when she found a note in the pocket of J.C.B.'s jeans. The note was addressed to appellant and was signed "your sex girlfriend." A few days later, J.C.B.'s mother spoke with her about the note and during the conversation J.C.B. admitted to having sex with appellant. Later in the evening, J.C.B. repeated her story to her father, who then informed the Lake County Sheriff's Office. After J.C.B. was privately interviewed by Officer Walrod, a Justice Court complaint was filed against appellant and he was arrested and taken into custody on October 17, 1990.

The next morning appellant voluntarily confessed during two taped interviews to having sexual contact with J.C.B. On the night of the arrest, he also confessed to a fellow jail inmate, Corey White. At trial, White testified that appellant said he had touched J.C.B. with his penis.

An information was filed in Lake County District Court charging appellant with sexual intercourse without consent, a felony, and failure to register as a sexual offender, a misdemeanor. Appellant pled guilty to the misdemeanor, with

3

sentencing deferred until after the completion of trial on the charge of sexual intercourse without consent. A jury trial was held on January 21, 1991, and appellant was found guilty of the lesser-included offense of sexual assault, a felony.

On direct examination, the Lake County Attorney questioned J.C.B. in the following manner:

Q.    We talked about what promising to tell the truth "so help you God" meant, remember?

A.    (Witness nodded.)

Q.    What would it mean if you lied?

A.    I don't know.

Q.    Would it be a bad thing towards God?

A.    Yeah.

Q.    Okay.  Do you love God?

A.    Yeah.

Q.    And you're very--you attend church at your father's church?

J.C.B. also testified at trial that appellant placed his penis in her vagina and rubbed his penis on her buttocks. This testimony was consistent with what J.C.B. had previously told her father, and the Lake County Undersheriff, both of whom testified at trial. At trial, the appellant denied he had any sexual contact with J.C.B.

Appellant also testified that after reading a law book provided to him on his first night in jail, he decided to confess to the lesser-included offense of sexual assault in hope of securing a deal with the interviewing undersheriff and receiving

4

half the prison sentence possible for sexual intercourse without consent. During cross-examination, the following exchange took place between appellant and the Lake County Attorney.

Q. You're married, are you not?

A. Yes.

Q. You have a small baby?

A. She has a baby.

Q. It's not yours?

A. It's not mine.

Q. But she is still married to you?

A. I'm not sure. She put in for a divorce and that's the last I heard about it. I haven't talked to her. She moved. Well, I had asked her for a divorce because I caught her in bed with my best friend and some other things that happened.

Q. And you don't find her any more attractive than you found [J.C.B.], right?

A. I loved my wife a great deal.

Q. You loved [J.C.B.], too, didn't you?

A. No.

Q. You used her and threw her away the same way you threw your wife away?

. . . .

A. I never told [Corey White] anything had happened.

Q. All of those things were lies; is that right?

A. I never told Corey White I had anything to do with her. I had told Walrod what was necessary to make it through to the next day to where I could try and fight that tape because I can fight a tape and I can't fight death.

5

Q. Let's get this straight. [J.C.B.] lied, right?

A. Apparently, yes.

Q. Corey White lied?

A. Yes, and he had plenty of reason to. [Emphasis added.]

During closing argument the State made the following comments:

You have to accept his version of the facts as he testified today and reject his version of the facts as he gave it at other times. You have to find that little [J.C.B.], when she came in and testified, lied. You have to find that Corey White, who heard the confession from the defendant, lied. You would have to find that both the previous confessions of the defendant on tape are lies.

. . . .

Today one of the worst lies I would suggest you may have heard is when he said he didn't find her desirable.

During the settling of jury instructions, the prosecution requested that certain instructions be given on sexual assault. Defense counsel objected to the giving of the instructions without explanation. The instructions on sexual assault were given over this objection.

At trial, the jury found the defendant not guilty of sexual intercourse without consent, but convicted him of the crime of sexual assault, a felony. At sentencing, the District Court found appellant to be a persistent felony offender pursuant to § 46-18-501, MCA. The court sentenced appellant to 60 years in the Montana State Prison with 20 years suspended. For purposes of this

6

appeal, the appellant only appeals his conviction of sexual assault.

I.

Was appellant denied his right to a fair trial by repeated instances of alleged prosecutorial misconduct?

Appellant contends that the State engaged in prosecutorial misconduct by eliciting inadmissible evidence with no factual basis; characterizing witnesses as liars; using misleading and inflammatory argument; expressing personal opinions; and using the complaining witness's religious beliefs to enhance her credibility.

Section 46-20-104(2), MCA, procedurally bars review of alleged errors not objected to at trial.

> (2) Upon appeal from a judgment, the court may review the verdict or decision and any alleged error objected to which involves the merits or necessarily affects the judgment. Failure to make a timely objection during trial constitutes a waiver of the objection except as provided in 46-20-701(2).

Section 46-20-701(2)(a)-(c), MCA, allows claims which are presented for the first time on appeal if the error is prejudicial to the defendant's guilt and:

> (a) the right asserted in the claim did not exist at the time of the trial and has been determined to be retroactive in its application;
>
> (b) the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant or his attorney that prevented the claim from being raised and disposed of; or
>
> (c) material and controlling facts upon which the claim is predicated where not known to the defendant or

7

his attorney and could not have been ascertained by the exercise of reasonable diligence.

The record reflects that in all of the instances appellant claims were prosecutorial misconduct, not one objection was made by defense counsel. Appellant's claim does not fall into one of the three exceptions listed in § 46-20-701, MCA.

Appellant also alleges that not withstanding the lack of objections at trial, the prosecution's misconduct amounted to plain error. In State v. Wilkins (1987), 229 Mont. 78, 746 P.2d 588, we stated:

> The plain error doctrine provides a remedy in such situations to prevent manifest injustice. When the substantial rights of a defendant are involved, the lack of timely objection does not preclude us from exercising our power of discretionary review to examine any error at the trial court level.

Wilkins, 746 P.2d at 589. We utilize the plain error doctrine only when it is necessary to insure a fair and impartial trial. Wilkins, 746 P.2d at 589. The plain error doctrine is used sparingly and should not be relied upon by counsel. Wilkins, 746 P.2d at 589. The record does not contain any error not objected to that demonstrates an infringement of the substantial rights of appellant that persuades us to exercise our discretionary review. We hold that appellant was not denied his right to a fair trial.

## II.

Did the District Court err by instructing the jury that sexual assault was a lesser included offense of sexual intercourse without consent?

8

At the settlement conference for jury instructions, the State proposed a series of instructions which sought to include sexual assault as a lesser included offense of sexual intercourse. The record reflects that defense counsel objected to the giving of the lesser included instruction but did not specifically state his reasons for the objections. Over defense counsel objections, the District Court gave the State's lesser included instructions as Court Instructions No. 11 through No. 15.

Section 46-16-401(4)(b), MCA (1989), requires that counsel has a duty to specify the grounds upon which a jury instruction objection is based. The statute provides in relevant part:

> On such settlement of instructions, the respective counsel or the parties shall specify and state the particular ground on which an instruction is objected to. It shall not be sufficient to object generally that the instruction does not state the law or is against the law, but the objection must specify particularly wherein the instruction is insufficient or does not state the law or what particular clause therein is objected to.

In absence of a proper objection, the lesser-included offense issue was not preserved for appeal in accordance with § 46-20-701(2), MCA. Without discussing whether § 45-5-502, MCA (1989), is a lesser-included offense of § 45-5-503, MCA (1989), we hold that appellant waived his objection for the purpose of this appeal.

III.

Did the District Court err by instructing the jury that "without consent" was an essential element of the offense of sexual assault?

9

In Instruction No. 12, the District Court stated that an element of sexual assault is that the sexual contact was without the consent of J.C.B. It has long been the rule in Montana that "without consent" is not an element of sexual assault where the victim is less than 14 years old and the offender is three or more years older than the victim. State v. Price (1980), 191 Mont. 1, 622 P.2d 160; State v. Hall (1986), 224 Mont. 187, 728 P.2d 1339; State v. Sor-Lokken (1991), 247 Mont. 343, 805 P.2d 1367; § 45-5-502, MCA (1989). J.C.B. was 13 years old and appellant was 25 years old at the time of the offense. The court also gave Instruction No. 14 which stated that:

> Consent is ineffective, under the offense of Sexual Assault, if the victim is less than 14 years old and the offender is 3 or more years older than the victim.

Instruction No. 12 added an extra element for the State to prove beyond a reasonable doubt. Thus, the giving of the erroneous instruction did not prejudice the appellant.

In addition, appellant failed to object to this instruction on the grounds stated for in this appeal. Defense counsel objected to Instruction No. 12 on the grounds that it addressed the lesser-included offense. The giving of Instruction No. 14 cured any possible error by the erroneous instruction. We hold that the District Court did not error in giving Instruction No. 12.

We affirm.

_____
Justice

10

We concur:

_John Conway Harrison_

_Terry Trieweiler_

_R. C. McDonough_

_____
Justices

November 12, 1992

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Thomas A. Kragh
Attorney at Law
410 1st St. E.
Polson, MT 59860

HON. MARC RACICOT, Attorney General
George Schunk, Assistant
Justice Building
Helena, MT 59620

LARRY J. NISTLER, County Attorney
Lake County Courthouse
106 Fourth Avenue East
Polson, MT 59860-2183

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy