JUSTICE LEAPHART,
dissenting.
I dissent for the reason that I find the Court’s reasoning offends due process of law. The majority points out that the question of whether sexual assault is a lesser included offense of sexual intercourse without consent has not been addressed by this Court. The Court takes the position that the issue is not properly before the Court because Black did not raise this issue in his opening brief. As it has done on four previous occasions, the Court then declines to rule on that question but assumes, for purposes of this decision, that sexual assault is a lesser included offense of sexual intercourse without consent. State v. Sheppard (Mont. 1995), 890 P.2d 754, 52 St.Rep. 106; State v. Ogle (1992), 255 Mont. 246, 841 P.2d 1133; State v. Sheppard (1992), 253 Mont. 118, 832 P.2d 370; State v. Lundhlade (1986), 221 Mont. 185, 717 P.2d 575. Based upon that assumption, the Court then determines that the District Court was within the law and the constitution when it found Black guilty of sexual assault even though Black was charged only with sexual intercourse without consent. A criminal conviction cannot be based upon an assumption of such a fundamental legal proposition.
The majority concedes that the question of lesser included offense has not been addressed. Nonetheless, it is willing to affirm the conviction based upon an assumption that the crime of which Black was convicted (sexual assault) is a lesser included offense of the crime with which he was charged (sexual intercourse without consent). Since the question is admittedly an open question, let us assume the opposite — that sexual assault is not a lesser included offense. Then, of course, Black stands convicted of an offense for which he was given no notice. The Information does not charge Black with sexual assault. Black would have had no reason to believe that he was even at risk of being convicted of sexual assault until such time as the court rendered its final judgment. Without advance knowledge of what the charge is, the accused is unable to exercise any meaningful decisions about his defense: what witnesses (if any) to call, whether he will take the stand himself, whether he will seek a bench trial or a jury trial — just to name a few of the more obvious and basic decisions confronting a person accused of a crime.
*340 Due process of law requires, at a minimum, that a defendant be reasonably apprised of the charges against him in the charging document in such a manner that a person of common understanding would know what offense is being charged. State v. Kills On Top (1990), 243 Mont. 56, 71, 793 P.2d 1273, 1283. In State v. Barker (1993), 260 Mont. 85, 89, 858 P.2d 360, 362, we held that it is “elementary” that a party cannot be charged with one offense and convicted of another independent offense. In my opinion, this Court cannot circumvent such a fundamental and “elementary” legal proposition by resorting to an assumption that sexual assault is a lesser included offense merely because Black’s counsel has failed to raise the issue in his opening brief. Black’s counsel did contend, in his Issue number two, that Black was convicted of an offense of which he was not charged. In its Answer brief, the State countered that sexual assault is a lesser included offense of sexual intercourse without consent and, as such, notice of the lesser included offense is included within the charge of the greater offense. Black, in his Reply brief, argued that sexual assault is not a lesser included offense. Thus, although the issue could have been more artfully raised and addressed, the parties did discuss and brief the issue. Given the fundamental and elementary nature of the issue — if the trial court were incorrect in assuming that sexual assault is a lesser included offense — that assumption amounts to plain error which this Court should address regardless of whether defense counsel raised the issue in a proper manner. In State v. Voegele (1990), 243 Mont. 222, 224, 793 P.2d 832, 834, this Court held that:
“[w]hen the substantial rights of a defendant are involved, the lack of timely objection does not preclude us from exercising our power of discretionary review to examine any error at the trial court level.” State v. Wilkins (1987), 229 Mont. 78, 80-81, 746 P.2d 588, 589. This discretionary review under the plain error doctrine provides a remedy to prevent manifest injustice and will only be used in exceptional cases.
In addressing the power of an appellate court to raise, sua sponte, and determine issues which were not raised either in the trial court or by any of the parties on the appeal, the Kansas Supreme Court has stated:
The conclusion which we have reached from these cases is that, although ordinarily an appellate court will not consider an issue which has not been raised in the trial court or which has not been raised by the parties on appeal, the court does have the power to *341 do so in exceptional circumstances, where considerations of the new issue is necessary to serve the ends of justice or to prevent a denial of fundamental rights.
State v. Puckett (Kan. 1982), 640 P.2d 1198, 1201.
It is axiomatic that the right to be put on notice of the crime you are being charged with is a fundamental as well as a “substantial” right. If we assume that the District Court was incorrect in its assumption, this is one of those “exceptional” cases in which the Court must invoke the doctrine of plain error in order to prevent manifest injustice; the manifest injustice being that Black is deemed to have been put on notice of the crime of sexual assault by virtue of having been charged with sexual intercourse without consent. This result is reached via an assumption (rather than a legal conclusion) that sexual assault is a lesser included offense of sexual intercourse without consent. This assumption flies in the face of the notice requirement of the guarantee of due process. Either sexual assault is a lesser included offense or it is not. If it is, then under the law, Black is deemed to have been put on notice of that offense when he was charged with sexual intercourse without consent. If it is not, then Black was not put on notice of the crime of which he was ultimately convicted and his conviction cannot stand.
For the above-stated reasons, I dissent from the Court’s decision to affirm a conviction based upon a mere assumption that sexual assault is a lesser included offense of sexual intercourse without consent.
JUSTICE TRIEWEILER and JUSTICE HUNT join in the foregoing dissent of JUSTICE LEAPHART.