

FILED

10/10/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 23-0477

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 23-0477

_____

SEAN DEAN OGLE,

      Petitioner,

v.

PETE BLUDWORTH, Warden,
Crossroads Correctional Center,

      Respondent.

_____

FILED

OCT 1 0 2023

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Representing himself, Sean Dean Ogle has filed several attachments along with a Petition for Writ of Habeas Corpus, indicating that he is entitled to good time that is not credited against his sentence as well as additional jail time credit. He contends that his incarceration is illegal because of an improper discharge date for his custodial sentence. In compliance with this Court's August 30, 2023 Order, the State of Montana responds that Ogle has received all the credit he is due and that he has presented an outdated sentence calculation to this Court.

Both Ogle and the State provide his criminal history with the State listing Ogle's more recent activity and other cases. In 1991, a jury found Ogle guilty of sexual assault against a minor, committed in October 1990, in the Twentieth Judicial District Court, Lake County. The District Court designated him a PFO and sentenced him to the Montana State Prison for sixty years with twenty years suspended. He appealed, and this Court affirmed. *State v. Ogle*, 255 Mont. 246, 247, 841 P.2d 1133, 1133 (1992).

Ogle was released on parole in 1996, and his parole was revoked many times before he discharged his prison term in 2012. He began serving his suspended term on September 2, 2012. In 2016, the Lake County District Court revoked Ogle's 1991 sentence because of Ogle's admitted probation violations. In June 2016, the District Court imposed a fifteen-year commitment to the Department of Corrections (DOC) with ten years

suspended and awarded Ogle, in an amended judgment, ninety-six days of credit for time served (first sentence upon revocation).

During this time frame, the Missoula County District Court sentenced Ogle for a failure to register conviction where Ogle received a five-year prison term with four years suspended to run consecutively to his first sentence upon revocation.

Ogle's custodial term in his first sentence upon revocation expired on August 5, 2019, and Ogle began serving the probationary term. In late October 2021, the State sought a petition to revoke his first sentence upon revocation because: Ogle failed to complete his sexual offender treatment program; had an unauthorized Gmail account; and admitted to receiving nude photos on the account as well as sexting females. The Lake County District Court issued an arrest warrant. Ogle was arrested on November 12, 2021, and placed in the Missoula County Detention Center before his transfer to Lake County. The court revoked his sentence and imposed a ten-year DOC commitment with five years suspended (second sentence upon revocation). The court also awarded thirty-four days of jail time credit along with 150 days of elapsed time credit. The court stated that Ogle "shall receive good time credit pursuant to § 53-30-105, MCA (1991),[1] and [DOC] policies that were in place at the time of [Ogle's] original sentence."

The State points out that Ogle moved the District Court in December 2021 to grant more elapsed time as well as to correct the credit for time served to fifty-six days. As noted in the Order directing a response here, we observed that, in March 2022, the Lake County District Court amended its December 15, 2021 Judgment with an additional twenty-two days of credit for time served to yield fifty-six days of credit. The State includes an updated sentence correction for Ogle where, on August 24, 2023, the DOC has modified its calculations to include the fifty-six (not thirty-four) days of time served in his second sentence upon revocation.

---

[1] The year of the Montana Code Annotated is most likely 1989, not 1991, because Ogle committed the offense in 1990; however, this distinction has little effect on the writ or arguments at hand because good time credit existed in Montana statutes until January 31, 1997. 1995 Mont. Laws Ch. 372, §§ 12(2), 13.

The State concludes that Ogle's Petition for habeas corpus relief should be denied and that a writ should not issue. The State contends that Ogle is not entitled to either more jail time credit or good time credit. The State puts forth that Ogle has not made a showing that he is not entitled to any more credit. The State explains that the DOC is applying good time credit to his sentence from the Lake County District Court and that he is receiving more good time credit that he claims that he is owed. The State counters that while Ogle argues that he "was not given [] 58 days plus 34 days[,]" he has received 206 days of credit applied to his sentence.

We find the State's arguments dispositive of this writ. Ogle has not demonstrated that he is due any additional credit at this point because the court has amended its judgment and the DOC has since recalculated his sentence. Ogle has not shown illegal incarceration. He is not entitled to habeas corpus relief or his immediate release from prison. Section 46-22-101(1) and -101(2), MCA. Accordingly,

IT IS ORDERED that Ogle's Petition for Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk of the Supreme Court is directed to provide a copy of this Order to counsel of record and to Sean Dean Ogle personally.

DATED this 10 day of October, 2023.

_____
Chief Justice

_____

_____

_____

_____
Justices

3