No.  89-632

IN THE SUPREME COURT OF THE STATE OF MONTANA

1990

THE STATE OF MONTANA,

     Plaintiff and Respondent,

  v.

WALTER JOHN VOEGELE, JR.,

     Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
               In and for the County of Missoula,
               The Honorable Jack L. Green, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Byron W. Boggs, Missoula

     For Respondent:

          Honorable Marc Racicot, Attorney General, Helena
          George Schunk, Assistant Attorney General, Helena
          Robert L. Deschamps III, County Attorney, Missoula
          Betty Wing, Deputy County Attorney, Missoula

Submitted on Briefs:  May 10, 1990

Decided:  June 7, 1990

Filed:

_____

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Walter John Voegele, Jr., appeals the judgment of the District Court for the Fourth Judicial District, Missoula County, revoking his suspended prison sentence. We reverse.

The issue is whether the imposition of sentence on August 24, 1989, was void for lack of jurisdiction.

In August 1987, Voegele pled guilty to third offense DUI and operating a motor vehicle while his license was suspended or revoked. On September 24, 1987, he was sentenced to serve one year in jail on the first count, with credit given for one day of jail time previously served, and six months in jail on the second count. The sentences were to run consecutively. The balances of the sentences not served were suspended on conditions including parole, abstention from alcohol, completion of alcohol counseling, payment of a $750 fine, and spending sixty days in jail, to be arranged to occur primarily on weekends.

On March 24, 1989, the Missoula County Attorney's office petitioned for revocation of Voegele's probation and for imposition of sentence. Voegele and his attorney made no objection to the petition and on April 20, 1989, Voegele admitted to violations of his probation including failing to do community service in lieu of jail time and failing to meet with his probation officer. On August 24, 1989, the District Court sentenced Voegele to sixty days

1

in jail with credit given for time already served.  The sentence has been stayed pending this appeal.

Section 46-18-203(2), MCA, provides:

> A petition seeking revocation of a suspended sentence . . . must be filed with the sentencing court during the period of suspension . . . .  Expiration of the period of suspension . . . after the petition is filed does not deprive the court of jurisdiction to rule on the petition.

Voegele's appellate counsel contends that because Voegele's suspended sentence had expired when the petition to revoke was filed, the District Court no longer had jurisdiction over this matter.  Voegele's suspended sentence on Count I began on September 24, 1987, and expired one year less one day later, on September 22, 1988.  His suspended sentence on Count II began on September 23, 1988, and expired on March 22, 1989.  The revocation petition was not filed until two days later, March 24, 1989.

The State counters that absent objection below, Voegele is barred from now challenging the court's jurisdiction.  Section 46-20-701(2), MCA, states:

> . . . No claim alleging an error affecting jurisdictional or constitutional rights may be noticed on appeal, if the alleged error was not objected to as provided in 46-20-104, unless the defendant establishes that the error was prejudicial as to his guilt or punishment and that:
>
> (a) the right asserted in the claim did not exist at the time of the trial and has been

2

determined to be retroactive in its application;

(b) the prosecutor, the judge, or a law enforcement agency suppressed evidence from the defendant or his attorney that prevented the claim from being raised and disposed of; or

(c) material and controlling facts upon which the claim is predicated were not known to the defendant or his attorney and could not have been ascertained by the exercise of reasonable diligence.

While Voegele rightfully asserts that allowing the tardy revocation petition was prejudicial to his punishment, he acknowledges that none of the above subsections (a) through (c) apply. Thus, he may not raise his claim of lack of jurisdiction under § 46-20-701, MCA.

However, "[w]hen the substantial rights of a defendant are involved, the lack of timely objection does not preclude us from exercising our power of discretionary review to examine any error at the trial court level." State v. Wilkins (1987), 229 Mont. 78, 80-81, 746 P.2d 588, 589. This discretionary review under the plain error doctrine provides a remedy to prevent manifest injustice and will only be used in exceptional cases. Wilkins, 746 P.2d at 589. Because the jurisdictional error here is plainly and simply one of arithmetic, we invoke the doctrine of plain error.

The State also argues that Voegele is estopped from challenging the District Court's jurisdiction. At the hearing a month after the petition to revoke was filed, Voegele's attorney stated that, "[Voegele] is willing to continue his probation even though

3

this was a suspended sentence and the time has expired." At the sentencing hearing four months later, Voegele's counsel offered that Voegele would agree to attend A.A. meetings, the weekend monitoring program, "and, of course, confessed to jurisdiction for an additional 18 months."

There is nothing to indicate that anyone believed at the time of these hearings that the petition to revoke Voegele's suspended sentence had been filed outside of the period of his suspended sentence. Voegele's trial counsel was merely offering to continue Voegele's probation beyond its original term. Until Voegele obtained new counsel on appeal, no one was aware that the suspended sentence had expired before the petition to revoke was filed. We hold that under these facts, Voegele is not estopped from raising the jurisdictional issue. We further hold that the imposition of sentence on August 24, 1989, was void for lack of jurisdiction because the petition to revoke Voegele's suspended sentence was filed after the suspended sentence had expired.

Reversed.

Chief Justice

4

We concur:

_Diane G. Barz_

_William E. Hunter_

_R. C. McDonough_

_John C. Sheehy_
_____
Justices

5