No. 90-530

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

THOMAS OWENS,

      Plaintiff and Appellant,

  -vs-

GENERAL MOTORS CORPORATION, a corporation,

      Defendant and Respondent.

**FILED**

JUN 25 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Sixteenth Judicial District,
               In and for the County of Fallon,
               The Honorable Joe L. Hegel, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

      Gene Huntley, Baker, Montana.

      For Respondent:

      Lorraine A. Schneider; Simonton, Howe & Schneider,
      Glendive, Montana.


Submitted on briefs : May 10, 1991

Decided: June 25, 1991

Filed:

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

Plaintiff, the purchaser of a new pickup truck, brought suit against General Motors Corporation alleging breach of express warranty and breach of the implied warranty of merchantability. A trial was held in the District Court for the Sixteenth Judicial District Court, Fallon County. The jury returned a verdict in favor of General Motors Corporation. The District Court denied plaintiff's motion for a new trial. Plaintiff appeals. We affirm.

The sole issue is whether substantial evidence exists to support the jury's verdict that General Motors Corporation did not breach the warranty on the plaintiff's truck.

In October, 1981, plaintiff, Thomas Owens (Mr. Owens), a resident rancher of Baker, Montana, purchased a new 1982 pickup manufactured by General Motors Corporation (GMC), from an out-of-state dealer, Joe Panion Chevrolet (Panion). Mr. Owens made arrangements to purchase the truck from Panion through another Baker, Montana resident, Leroy Singer (Mr. Singer). The truck was warranted and all warranty information was provided to Mr. Owens upon delivery of the truck.

Mr. Owens' ranch is located about 30 miles south of Baker. He lives in town and testified that he drove back and forth regularly. He testified that he would put about seventy miles a day on his truck without any use at the ranch. He also used the truck on the ranch to haul feed and feed cattle.

For a short time, the truck ran and drove well and without complaint. Mr. Owens began having problems with the truck after

2

about six months and with about 14,645 miles on the odometer. He testified that it "had a lack of power. It smoked and drank a lot of gas, it was hard starting". He testified that "whatever they did, it just didn't seem like it would fix it". He testified that he kept taking it in to be worked on and "while they kept trying different things to make it get better mileage, all the other little things kept going wrong with it". He further testified that the truck was in the shop about once a week and that there were problems with the seals, wiring, transmission and wheels.

In December, 1983, the engine quit running entirely and the truck had about 42,000 miles on it. When GMC refused to repair the truck under warranty, Mr. Owens filed suit against GMC on theories of breach of express warranty and breach of the implied warranty of merchantability. A jury trial was held and the jury concluded that no breach occurred. Mr. Owens' appeals.

On appeal, Mr. Owens maintains that GMC breached both the express and implied warranties by failing to repair the truck. GMC maintains that Mr. Owens abused and neglected the truck and such abuse and neglect was the proximate cause of its poor condition. GMC maintains that while such warranties are applicable to the truck in question, the plaintiff has the burden of proving that the defect existed when the product left the manufacturer, GMC's, hands.

The standard of review for this Court on substantial evidence questions was clearly set forth in Kitchen Krafters Inc. v. Eastside Bank of Montana (1990), 242 Mont. 155 at 164, 789 P.2d 567

3

at 572:

> We will not reverse the findings of a jury unless they are not supported by substantial evidence. Substantial evidence is defined as that evidence that a reasonable mind might accept as adequate to support a conclusion. Although it may be based upon weak and conflicting evidence, in order to rise to the level of substantial evidence it must be greater than trifling or frivolous. In short, where a verdict is based upon substantial evidence which from any point of view could have been accepted by the jury as credible, it is binding upon this Court although it may appear inherently weak. (Citations omitted).

Mr. Singer testified that he picked up Mr. Owens' truck for him from Panion Chevrolet in Southfield, Michigan and drove it from Southfield to Baker where he delivered it to Mr. Owens. He testified that he never had a problem with the truck and that "it performed beautifully" on the 1,480 mile trip to Baker.

Within about one week after the truck was delivered Mr. Owens and several friends went hunting in the Ennis area. The group took Mr. Owens' truck through an open gate and "up a mountain trail" to go elk hunting. Upon their return to the main road, they found the gate they came through locked. The decision was to drive around the locked gate to get out. Mr. Singer testified that in so doing, Mr. Owens drove his truck through a road ditch. Mr. Singer testified that the truck was driven over rocks and small trees.

Mr. Owens testified that he used the truck for feeding cattle and hunting. He testified that one day while he was driving the truck loaded with bales of hay through a draw, the back end of the truck bogged down and became stuck. He testified that by the time he got back to pull the truck out, "the cows had ate the bales off the pickup. So they, you know, put a lot of dents in the side of

4

it."

There was other significant damage to the truck: a hole in the floorboard of the cab where a gun fired; a spotlight hole burned into the seat; broken seat springs; a broken hood latch; and a broken grill. Mr. Owens offered explanations for all the "non-engine" damage to the truck.

GMC maintains that such evidence of the condition of the truck is evidence that the truck was abused and that such abuse directly affected the engine's performance. Over Mr. Owens' objection, GMC was allowed to call as a witness Steve Baldwin, a mechanic who worked on Mr. Owens' truck. The District Court concluded that Steve Baldwin did not offer any opinions or conclusions and that therefore his testimony was entirely proper as a non-expert witness.

Steve Baldwin testified that when the top part of the engine was removed to gain access to the camshaft he saw "engine contamination" he described as "sludge" inside the engine. He further testified that Mr. Owens never complained about the work done on his truck.

After reviewing the record we hold that substantial evidence exists to support the jury verdict.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

5

William E Hunter

Tom Friswold

J. C. McDonough
_____
Justices