No. 85-443

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

THE STATE OF MONTANA,

      Plaintiff and Respondent,

-vs-

CHARLES W. 'BILL' BIEHLE,

      Defendant and Appellant.

FILED

JAN 16 1992

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable William J. Speare, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Charles W. Biehle, Pro Se,
         Powell, Wyoming

     For Respondent:

         Marc Racicot, Attorney General, Helena, Montana,
         Barbara C. Harris, Assistant Attorney General,
         Dennis Paxinos, Yellowstone County Attorney,
         Billings, Montana,
         Teresa O'Connor, Deputy County Attorney.

Submitted on Briefs: October 3, 1991

Decided: January 16, 1992

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Charles W. Biehle, pro se, appeals his one count conviction of felony sexual assault following a jury trial in the Thirteenth Judicial District Court, Yellowstone County. We affirm.

Appellant has set forth several issues. Those that are not part of the record will not be considered by this Court. The following issues will be considered:

1. Whether appellant was denied effective assistance of counsel when defense counsel stipulated to the introduction of Exhibits No. 3 and No. 5.

2. Whether there was sufficient evidence to support appellant's conviction.

3. Whether there was exculpatory medical evidence.

4. Whether the appellant was placed in double jeopardy after having his motion for a new trial granted following his initial conviction.

On November 9, 1983, in response to an anonymous phone call, T.K., a ten year old, was interviewed by a State social worker. The victim alleged that she was sexually assaulted by the appellant on or about the first or second week of October 1983, and on November 5, 1983. She repeated these allegations on video tape to a police officer.

On January 10, 1984, appellant was charged with two counts of sexual assault, a felony, for "massaging her genitals underneath her underwear." On June 6, 1984, he was convicted on both counts

2

in a jury trial. On August 6, 1984, the District Court granted appellant's motion for a new trial based upon prosecutorial misconduct. After the motion for new trial was granted, appellant's counsel, Christopher P. Thimson, was permitted to withdraw, and John L. Adams was appointed. On May 7, 1985, appellant was convicted by a jury of Count I and acquitted of Count II. He was sentenced to serve 20 years in the Montana State Prison, with the final 10 years suspended. On July 16, 1985, a timely notice of appeal was filed by appellant's counsel, John L. Adams. The appeal was subsequently dismissed for failure to timely file a brief. On June 7, 1990, we reinstated the appeal and ordered the District Court to appoint counsel. The District Court appointed Allen Beck as counsel. On October 25, 1990, Beck filed an Anders brief and raised possible arguments for an appeal, as required by Anders v. California (1967), 386 U.S. 738, 87 S.Ct 1396, 18 L.Ed.2d 493. Beck also filed a motion to withdraw as counsel, and this Court granted that motion and allowed the appellant to proceed with his appeal pro se. On July 8, 1991, appellant filed his pro se brief to which the State subsequently responded.

I

Whether appellant was denied effective assistance of counsel when counsel stipulated to the introduction of Exhibits No. 3 and No. 5.

This Court uses the two-prong test set out in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, in evaluating ineffective assistance claims.

> First, counsel's performance must be deficient. To assess deficient performance, this Court employs the "'reasonably effective assistance' test of whether a defendant's counsel acted within the range of competence demanded of attorneys in criminal cases." (Citation omitted.) Second, counsel's deficient performance must have so prejudiced the defendant as to deprive the defendant of a fair trial. [Citation omitted.] The standard for evaluating prejudice is whether a reasonable probability exists that but for counsel's deficient performance, the trial's outcome would have been different.

State v. Coates (1990), 241 Mont. 331, 337, 786 P.2d 1182, 1185.

We note that appellant's counsel on the initial appeal did abandon him which resulted in the dismissal of the appeal. The United States Supreme Court recognized that the Fourteenth Amendment guarantees the right to counsel on the first direct appeal as a right. Penson v. Ohio (1988), 488 U.S. 75, 79, 109 S.Ct. 346, 349, 102 L.Ed.2d 300, 308. An appellant cannot be denied his right to appeal because of the errors of his counsel. Pennsylvania v. Finley (1987), 481 U.S. 551, 557, 107 S.Ct. 1990, 1994, 94 L.Ed.2d 539, 547. This Court has rectified this error by reinstating this appeal and ordering the District Court to appoint counsel. Thus, appellant has received the appropriate remedy in this instance.

Appellant's main contention focuses on the stipulation of Exhibits No. 3 and No. 5. Exhibit No. 3 was a brown manila

4

envelope containing an unsigned handwritten letter marked at trial as Exhibit No. 5 that was placed in the mail box of Shirley Kaufman, T.K.'s mother. The content of the letter included appellant's admissions of making a mistake and needing to seek help for his problems. Appellant claimed that defense counsel stipulated to the admission of the exhibit without his permission.

The record indicated that counsel believed that appellant agreed to the stipulation of the exhibits, and it appeared that it was a matter of trial tactics. This Court, in evaluating a defense counsel's performance, will not second guess trial tactics. Coates, 786 P.2d at 1185.

The record shows that defense counsel's performance was competent. Through the efforts of his attorney, the appellant was acquitted of one of the charges against him. Other evidence of similar acts of sexual assault was suppressed. We hold that appellant was adequately assisted in the conduct of the proceedings.

## II

Whether there was sufficient evidence to support appellant's conviction.

We have stated previously that in sex offense cases the victim's testimony need not be corroborated. State v. Gilpin (1988), 232 Mont. 56, 70, 756 P.2d 445, 453. The rule applies to child victims of sexual abuse as well. Gilpin, 756 P.2d at 453. The victim testified that the sexual contact of November 1983 was

5

committed by the appellant. This testimony is sufficient evidence to sustain a jury's guilty verdict.

## III

Whether there was exculpatory medical evidence.

Appellant alleged that there was a medical examination of the victim that proved her hymen was still intact and that this evidence refuted the victim's claim of penetration. Nothing in the record indicated that appellant requested this information or that the medical examination even occurred. Assuming that such record existed and that the medical information was not exculpatory or necessary for the preparation of the defense, this Court has stated that defense counsel's right to review medical and psychological evidence of the victim is outweighed by the victim's right to confidentiality. State v. Donnelly (1990), 244 Mont. 371, 376-77, 798 P.2d 89, 92 (overruled on other grounds in State v. Imlay (Mont. 1991), 813 P.2d 985, 48 St.Rep. 588.)

The appellant's argument is without merit under Montana law. The statutory definition of sexual contact states the following:

> "Sexual contact" means any touching of the sexual or other intimate parts of the person of another for the purpose of arousing or gratifying the sexual desire of either party.

Section 45-2-101(60), MCA.

The policy underlying our sexual assault statute is to "'criminalize and punish sexual or intimate impositions that do not involve penetration . . . .'" State v. Kestner (1988), 220 Mont.

6

41, 46, 713 P.2d 537, 540, (quoting State v. Weese (1980), 189 Mont. 464, 467, 616 P.2d 371, 373.) It is not necessary for the victim's hymen to be broken, as the appellant alleged, to constitute sexual contact. We hold the appellant's contention to be without merit.

## IV

Whether the appellant was placed in double jeopardy after having his motion of a new trial granted following his initial conviction.

It has long been the rule that double jeopardy does not attach after the trial court grants a new trail. State v. Thompson (1891), 10 Mont. 549, 563, 27 P. 349, 352. In this case, a new trial was granted at the request of appellant because of prosecutorial misconduct in closing argument. We hold that double jeopardy does not attach in this instance.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7