No. 94-253

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

STATE OF MONTANA,

      Plaintiff and Respondent,

  -vs-

PAUL ORAN BLACK,

      Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
                In and for the County of Lewis and Clark,
                The Honorable Thomas C. Honzel, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Dennis G. Loveless, Attorney at Law,
          Helena. Montana

      For Respondent:

          Hon. Joseph P. Mazurek, Attorney General,
          Cregg W. Coughlin, Ass't Attorney General,
          Helena, Montana

          Mike McGrath, Lewis and Clark County Attorney,
          Helena, Montana

FILED

MAR 23 1995

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  March 16, 1995

Decided:    March 23, 1995

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Paul Oran Black (Black) appeals from his conviction by the First Judicial District Court, Lewis and Clark County, of the offense of sexual assault, a felony. We conclude that the District Court did not err in convicting Black of an offense with which he was not specifically charged, that the evidence is sufficient to support the conviction, and that Black was afforded effective assistance of counsel. Therefore, we affirm.

In 1987, Black rented a portion of the shop in which Gary Russell operated an automotive repair business in Helena, Montana; the shop was immediately adjacent to Russell's residence. Russell's ten-year-old son, G.R., became acquainted with Black when he visited his father in the shop. G.R. testified that Black gave him several gifts and would grab his buttocks while he was in the shop.

While on a fishing outing with G.R. at Ten Mile Creek, Black pulled down his pants and masturbated in front of G.R. He asked G.R. to expose his penis and, after initially refusing, G.R. did so; Black neither touched G.R. nor asked G.R. to touch him.

During two subsequent outings to Ten Mile Creek, Black told G.R. to pull down his pants and get on his knees; according to G.R., Black then entered him from behind. G.R. also testified to another "entering from behind" incident which occurred at Black's house and was interrupted when Russell arrived with a vehicle he had been repairing.

G.R. testified that he experienced extreme pain during these

incidents and bled after each. After each incident, Black said that what they had done was "perfectly natural" and told G.R. not to tell anyone. G.R. testified that he felt threatened by Black. G.R. did not reveal the incidents to anyone until he suddenly remembered them in September of 1993.

The State of Montana (State) charged Black with sexual intercourse without consent, in violation of § 45-5-503, MCA. Through his counsel, Black notified the State of his intent to rely on an alibi defense. The case was tried to the District Court sitting without a jury.

The court acquitted Black of the charged offense, finding the evidence insufficient to establish beyond a reasonable doubt that Black actually penetrated G.R.'s anus. It found him guilty, however, of felony sexual assault in violation of § 45-5-502, MCA. Black was sentenced to fifteen years' imprisonment, with five years suspended upon certain conditions. Black appealed. Subsequent events are not at issue in this case.

> 1. Did the District Court err in convicting Black of sexual assault?

Black advances three fundamental challenges to his conviction of the offense of sexual assault. First, he argues that the District Court was without authority to convict him of an offense with which he was not charged. Second, he asserts that the charging document was insufficient to serve as the basis for a conviction of the offense of sexual assault. Finally, he contends that his constitutional due process rights were violated by the conviction for sexual assault.

3

We note at the outset that the issue of whether sexual assault is a lesser included offense of sexual intercourse without consent is not before us in this case. Black did not raise the issue in the District Court. Moreover, while he makes a passing reference to the existence of the issue in his opening brief on appeal, that brief contains neither argument nor legal authority relating to the issue, as required by Rule 23(a)(4), M.R.App.P. Indeed, the entirety of Black's argument in his opening brief relating to the court's authority to convict him of an uncharged offense is premised upon sexual assault being a lesser included offense of sexual intercourse without consent. It is only in his reply brief that Black argues that sexual assault is not a lesser included offense of sexual intercourse without consent. Furthermore, unlike cases such **as** State v. Voegele (1990), 243 Mont. 222, 793 P.2d 832, the parties to this case have not raised or argued the plain error doctrine, in either its statutory or judicially-created form, insofar as that doctrine might provide a basis for our consideration of the issue. Under these circumstances, that issue is not properly before us and we specifically do not address it here. Instead, we assume for purposes of this opinion that sexual assault is a lesser included offense of sexual intercourse without consent.

a. Was the District Court authorized to convict Black of the lesser included offense of sexual assault?

Section 46-16-607(1), MCA, provides in pertinent part that a "defendant may be found guilty of an offense necessarily included in the offense charged . . . ." The language of the statute is so

4

plain as to need no interpretation.  <u>See</u> Curtis v. Dist. Court of 21st Jud. Dist. (Mont. 1994), 879 P.2d 1164, 1166, 51 St.Rep. 776, 778 (citation omitted).  Because we assume for purposes of this case that sexual assault is a lesser included offense of sexual intercourse without consent, the statute provides clear and express authority for Black's conviction of the offense of sexual assault.

Black relies on § 46-16-607(2), MCA, and the 1991 Commission Comment to the statute in making a circuitous argument regarding when lesser included offense instructions may, may not and must be given and how those issues relate to this case.  Little discussion of this argument is necessary.

We note first that, by its terms, § 46-16-607(2), MCA, relates only to jury trials.  Questions relating to instructing the jury simply do not arise in bench trials.  Thus, § 46-16-607(2), MCA, is inapplicable here.

For the same reason, the Commission Comment stating in part that "[t]his statute is a newly developed provision intended to regulate a jury's consideration of lesser included offenses" also is inapplicable to this case involving a trial to the court.  In addition, we note that the portion of the Comment on which Black relies--allowing a lesser included instruction "only upon a party's request" and when warranted by the evidence--appears to vary the terms of § 46-16-607(2), MCA, which provides that a lesser included offense instruction <u>must</u> be given upon a party's request when sufficient evidence supports the instruction.

Black also argues that State v. Sheppard (1992), 253 Mont.

5

118, 832 P.2d 370, supports his position. Like § 46-16-607(2), MCA, *Sheppard* is inapplicable to this appeal from a bench trial because it addresses only questions relating to a trial court's responsibilities in instructing a jury on lesser included offenses. Those responsibilities are not relevant where the trial court is deciding questions of both law and fact pursuant to §§ 46-16-103 and 46-16-110(3), MCA, and, as a result, no instructions are given.

We conclude that § 46-16-607(1), MCA, authorizes the conviction of a criminal defendant for a lesser included offense. Under the circumstances of this case, therefore, we hold that the District Court was authorized to convict Black of the offense of sexual assault.

b. Did the charging document provide a sufficient basis for a conviction of the offense of sexual assault?

Black asserts that the information charging him with the offense of sexual intercourse without consent did not provide him with notice sufficient to enable him to prepare his defense to the uncharged offense of sexual assault. His argument is not persuasive.

Section 46-11-401, MCA, sets forth the requirements which must be contained in the charging document. Here, the information charging Black with sexual intercourse without consent meets the statutory requirements; Black does not contend otherwise. He argues that he could not be convicted of the offense of sexual assault because that charge was not specifically included in the information and, as a result, he did not have sufficient notice of the possibility of a conviction of that offense.

6

As discussed above, § 46-16-607(1), MCA, unambiguously and expressly authorizes a defendant's conviction of an offense included in the charged offense. The statute itself provides the notice that a conviction for a lesser included offense is possible. Because we assume for purposes of this case that sexual assault is a lesser included offense of sexual intercourse without consent, Black had notice via the information and § 46-16-607(1), MCA, that he could be convicted of the lesser included offense.

While we have not previously addressed the precise issue of notice vis-a-vis § 46-16-607(1), MCA, the California Supreme Court did so succinctly in People v. Lohbauer (Cal. 1981), 173 Cal.Rptr. 453. There, the California court determined that the requisite notice is afforded where an offense is necessarily included within the statutory definition of the charged offense and a conviction of the included offense is statutorily authorized. Lohbauer, 173 Cal.Rptr. at 454.

Nor do the Montana cases on which Black relies 'support his position. State v. Kills on Top (1990), 243 Mont. 56, 71, 793 P.2d 1273, 1283, State v. Matson (1987), 227 Mont. 36, 43, 736 P.2d 971, 975, and State v. Longneck (1981), 196 Mont. 151, 154, 640 P.2d 436, 438, all state the general rules regarding the necessity of reasonably apprising the accused of the charges against him in the information so that a person of common understanding would know what offense is being charged. None of those cases involved the issue now before us regarding notice of lesser included offenses vis-a-vis § 46-16-607(1), MCA.

7

Black also advances arguments, as he did in challenging the District Court's authority to convict him of the lesser included offense, premised on cases involving a trial court's jury instructions on lesser included offenses. Here too, as above, those cases are inapplicable to this case which was tried to the District Court sitting without a jury.

Finally, Black argues that "the main case on point" is State v. Copenhaver (1907), 35 Mont. 342, 89 P. 61. He urges that our statements in Cooenhaver, 89 P. at 62, that "the defendant was charged with one crime and convicted of another. The judgment must therefore be reversed . . ." are equally applicable here. His reliance on Copenhaver is misplaced.

In Copenhaver, the defendant was charged with burglary in the nighttime or, as defined by statute, burglary in the first degree; he was convicted of burglary in the daytime, or burglary in the second degree. We reversed on appeal, concluding that burglary in the nighttime clearly did not "include" burglary in the daytime. Cooenhaver, 89 P. at 62. Thus, unlike the present case, Cooenhaver did not involve a conviction of a lesser included offense; it involved a conviction of a separate, independent offense which was not a lesser included offense. Indeed, we specifically noted in Copenhaver that § 2147 of the Penal Code--a predecessor to § 46-16-607(1), MCA--would have authorized a conviction for an offense included in the charged offense. Copenhaver, 89 P. at 62.

The information charged Black with sexual intercourse without consent. For purposes of this case, we assume that sexual assault

8

is a lesser included offense of sexual intercourse without consent. Section 46-16-607(1), MCA, expressly authorizes a conviction for an offense included in the charged offense. For these reasons, we conclude that the charging document provided a sufficient basis for Black's conviction of the offense of sexual assault.

c. Did the conviction of the offense of sexual assault violate Black's constitutional right to due process?

Black's due process arguments are premised on his assertion that he did not have notice of the offense of which he ultimately was convicted. We have concluded to the contrary based on the statute. Black had notice of the possibility of a conviction of sexual assault pursuant to § 46-16-607(1), MCA, which specifically authorizes a conviction for an offense included in the charged offense. Little more need be said.

Both the Montana Constitution, Article II, § 24, and the Sixth Amendment to the United States Constitution guarantee accused defendants certain due process, including the right to be informed of the nature and cause of the accusation. Relying on State v. Barker (1993), 260 Mont. 85, 858 P.2d 360, Black argues that his conviction of the offense of sexual assault violated his due process rights.

In Barker, we concluded that a justice court conviction for reckless driving after a charge of driving under the influence of alcohol violated due process. Barker, 858 P.2d at 362. We stated that it is elementary that a party cannot be charged with one offense and "convicted of another independent offense." Barker, 858 P.2d at 362 (citation omitted). The quoted language

9

establishes the distinguishing factor between <u>Barker</u> and the present case: <u>Barker</u> involved two independent offenses. Indeed, we specifically stated therein that "reckless driving is not a lesser included offense of driving under the influence" and, on that basis, concluded that Barker could not be convicted of an offense "independent" from that charged. <u>Barker,</u> 858 P.2d at 362. <u>Barker</u> has no application here.

Like the California court in <u>Lohbauer,</u> we conclude that the notice required by the constitutional guarantee of due process is afforded where an offense in included within the charged offense and a conviction of the included offense is authorized by statute. We hold that Black's due process rights were not violated, under the circumstances of this case, by his conviction of the offense of sexual assault.

2. Does sufficient evidence support Black's conviction
of the offense of sexual assault?

Our standard in reviewing the sufficiency of evidence in criminal cases is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Licht (Mont. 1994), 879 P.2d 670, 675, 51 St.Rep. 686, 689 (citation omitted).

Black does not dispute that G.R.'s testimony establishes the elements of sexual assault as that offense is statutorily defined. Moreover, the law is clear in Montana that a victim's testimony in a sex offense case is sufficient to sustain a conviction and needs no corroboration. State v. Biehle (1992), 251 Mont. 257, 260, 824

10

P.2d 268, 270-71.

Black argues that, in rejecting G.R.'s testimony regarding the extent of the actual sexual intercourse or penetration, the District Court determined that G.R. was not a credible witness. With that purported determination as a base, Black contends that adding discrepancies in G.R.'s testimony and that of others testifying compels a determination that G.R.'s testimony was incredible in its entirety and, therefore, insufficient to support the conviction.

Black cites no authority for his position. In addition, he apparently overlooks the District Court's specific determination that "G.R. was a credible witness." As we have stated,

> [a] trial court acting as a finder of fact is in the best position to observe the witnesses, including their demeanor and credibility. . . . The weight of the evidence and the credibility of the witnesses are exclusively the province of the trier of fact . . . .

State v. Flack (1993), 260 Mont. 181, 189, 860 P.2d 89, 94 (citation omitted).

The court's credibility determination and the weight it gave G.R.'s testimony were exclusively within its province as the trier of fact in this case; the same is true regarding the court's weighing of all the evidence before it, including discrepancies in testimony. We will not substitute our judgment for that of the trier of fact on matters of credibility and the weight of evidence. We hold, therefore, that sufficient evidence supports Black's conviction of the offense of sexual assault.

3. Was Black afforded effective assistance of counsel?

11

This Court has adopted the two-prong test set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, for determining whether counsel was ineffective. State v. Mahoney (Mont. 1994), 870 P.2d 65, 72-73, 51 St.Rep. 160, 164. Under the first prong of that test, a defendant must show that counsel's performance was deficient by demonstrating that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment to the United States Constitution; under the second prong, a defendant must show that counsel's deficient performance so prejudiced him that he was deprived of the right to a fair trial. Mahoney, 870 P.2d at 72-73.

Black's contention that he did not receive effective assistance of counsel is premised on two alleged deficiencies. Black relies first on State v. Denny (1993), 262 Mont. 248, 865 P.2d 226, in arguing that counsel's failure to interview witnesses who would have supported his alibi defense constituted deficient performance. In this regard, we note that the alleged failure to interview helpful witnesses cannot be either established or disproved on the record before us; as a result, that allegation of ineffective assistance of counsel cannot be addressed in this direct appeal from Black's conviction.

Black also argues that counsel failed to follow up on discrepancies in the testimony of the State's witnesses. Here, we need consider only the first prong of the Strickland test to conclude that Black has not met his burden of establishing ineffective assistance of counsel. The record before us

12

establishes that counsel cross-examined each of the State's witnesses. The cross-examinations tested the witnesses' memory of events occurring some six years earlier and attempted to cast doubt on the witnesses' recollections and credibility. Black cites no authority in support of his general and conclusory allegation that more, or different, cross-examination was required.

A strong presumption exists that counsel's conduct falls within the wide range of reasonable professional assistance. Denny, 865 P.2d at 228-29; citing Nealy v. Cabana (5th Cir. 1985), 764 F.2d 1173, 1177-1178. Black's conclusory allegations do not begin to establish that counsel's performance was not reasonable under prevailing professional norms. Denny, 865 P.2d at 228; citing Lawrence v. Armontrout (8th Cir. 1990), 900 F.2d 127, 129 (citation omitted). We conclude that Black has not met the first prong of the Strickland test by demonstrating record-based deficient performance by counsel and, to that extent, we hold that he was afforded effective assistance of counsel.

Affirmed.

_____
                                    Justice

We concur:

_____
          Chief Justice

_____
                Justices

Justice W. William Leaphart, dissenting.

I dissent for the reason that I find the Court's reasoning offends due process of law. The majority points out that the question of whether sexual assault is a lesser included offense of sexual intercourse without consent has not been addressed by this Court. The Court takes the position that the issue is not properly before the Court because Black did not raise this issue in his opening brief. As it has done on four previous occasions, the Court then declines to rule on that question but assumes, for purposes of this decision, that sexual assault is a lesser included offense of sexual intercourse without consent. State v. Sheppard (Mont. 1995), ____ P.2d ___, 52 St.Rep. 106; State v. Ogle (1992), 255 Mont. 246, 841 P.2d 1133; State v. Sheppard (1992), 253 Mont. 118, 831 P.2d 370; State v. Lundblade (1986), 221 Mont. 185, 717 P.2d 575. Based upon that assumption, the Court then determines that the District Court was within the law and the constitution when it found Black guilty of sexual assault even though Black was charged only with sexual intercourse without consent. A criminal conviction cannot be based upon an assumption of such a fundamental legal proposition.

The majority concedes that the question of lesser included offense has not been addressed. Nonetheless, it is willing to affirm the conviction based upon an assumption that the crime of which Black was convicted (sexual assault) is a lesser included offense of the crime with which he was charged (sexual intercourse

14

without consent). Since the question is admittedly an open question, let us assume the opposite--that sexual assault is not a lesser included offense. Then, of course, Black stands convicted of an offense for which he was given no notice. The Information does not charge Black with sexual assault. Black would have had no reason to believe that he was even at risk of being convicted of sexual assault until such time as the court rendered its final judgment. Without advance knowledge of what the charge is, the accused is unable to exercise any meaningful decisions about his defense: what witnesses (if any) to call, whether he will take the stand himself, whether he will seek a bench trial or a jury trial-- just to name a few of the more obvious and basic decisions confronting a person accused of a crime.

Due process of law requires, at a minimum, that a defendant be reasonably apprised of the charges against him in the charging document in such a manner that a person of common understanding would know what offense is being charged. State v. Kills On Top (1990), 243 Mont. 56, 71, 793 P.2d 1273, 1283. In State v. Barker (1993), 260 Mont. 85, 89, 858 P.2d 360, 362, we held that it is "elementary" that a party cannot be charged with one offense and convicted of another independent offense. In my opinion, this Court cannot circumvent such a fundamental and "elementary" legal proposition by resorting to an assumption that sexual assault is a lesser included offense merely because Black's counsel has failed to raise the issue in his opening brief. Black's counsel did contend, in his Issue number two, that Black was convicted of an

15

offense of which he was not charged. In its Answer brief, the State countered that sexual assault is a lesser included offense of sexual intercourse without consent and, as such, notice of the lesser included offense is included within the charge of the greater offense. Black, in his Reply brief, argued that sexual assault is not a lesser included offense. Thus, although the issue could have been more artfully raised and addressed, the parties did discuss and brief the issue. Given the fundamental and elementary nature of the issue--if the trial court were incorrect in assuming that sexual assault is a lesser included offense--that assumption amounts to plain error which this Court should address regardless of whether defense counsel raised the issue in a proper manner. In State v. Voegele (1990), 243 Mont. 222, 224, 793 P.2d 832, 834, this Court held that:

> "[w]hen the substantial rights of a defendant are involved, the lack of **timely** objection does not preclude us from exercising our power of discretionary review to examine any error at the trial court level." State v. Wilkins (1987), 229 Mont. 78, 80-81, 746 P.2d 588, 589. This discretionary review under the plain error doctrine provides a remedy to prevent manifest injustice and will only be used in exceptional cases.

In addressing the power of an appellate court to raise, sua sponte, and determine issues which were not raised either in the trial court or by any of the parties on the appeal, the Kansas Supreme Court has stated:

> The conclusion which we have reached from these cases is that, although *ordinarily* an appellate court will not consider an issue which has not been raised in the trial court or which has not been raised by the parties on appeal, the court does have the power to do so in exceptional circumstances, where considerations of the new issue is necessary to serve the ends of justice or to

prevent a denial of fundamental rights.
State v. Puckett (Kan. 1982), 640 P.2d 1198, 1201.

It is axiomatic that the right to be put on notice of the crime you are being charged with is a fundamental as well as a "substantial" right. If we assume that the District Court was incorrect in its assumption, this is one of those "exceptional" cases in which the Court must invoke the doctrine of plain error in order to prevent manifest injustice; the manifest injustice being that Black is deemed to have been put on notice of the crime of sexual assault by virtue of having been charged with sexual intercourse without consent. This result is reached via an assumption (rather than a legal conclusion) that sexual assault is a lesser included offense of sexual intercourse without consent. This assumption flies in the face of the notice requirement of the guarantee of due process. Either sexual assault is a lesser included offense or it is not. If it is, then under the law, Black is deemed to have been put on notice of that offense when he was charged with sexual intercourse without consent. If it is not, then Black was not put on notice of the crime of which he was ultimately convicted and his conviction cannot stand.

For the above-stated reasons, I dissent from the Court's decision to affirm a conviction based upon a mere assumption that sexual assault is a lesser included offense of sexual intercourse without consent.

_____
W. William Leaphart
Justice

17

Justice Terry N. Trieweiler and Justice William E. Hunt, Sr., join in the foregoing dissent of Justice w. William Leaphart.

_____
ustice

_____
Justice