DA 19-0497

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 213N

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

RICHARD WARREN DUMAS, III,

       Defendant and Appellant,

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 18-196B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Johnna K. Sutton, Johnna K. Sutton, Law, P.C., Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Damon Martin, Assistant Attorney General, Helena, Montana

      Greg Sullivan, Bozeman City Attorney, Kyla Murray, Assistant City Attorney, Bozeman, Montana

Submitted on Briefs:  August 4, 2021

Decided:  August 24, 2021

Filed:

                                              Clerk

FILED

08/24/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0497

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Defendant and Appellant Richard Warren Dumas, III (Dumas) appeals his City of Bozeman Municipal Court convictions and the Order issued July 5, 2019, by the Eighteenth Judicial District Court, Gallatin County, affirming the Municipal Court's denial of his Motion to Dismiss Some Charges for Lack of Sufficient Notice in Charging Documents. We affirm.

¶3 Dumas was arrested on July 21, 2017, and received a number of misdemeanor citations: two citations for criminal trespass to vehicles ("Citation 374" and "Citation 182"), two citations for theft ("Citation 375" and "Citation 183"), and a citation for criminal possession of dangerous drugs—marijuana ("Citation 181"). On February 16, 2018, before the Municipal Court, Dumas filed his Motion to Dismiss Some Charges for Lack of Sufficient Notice in Charging Documents, arguing his due process rights were violated because the citations lacked sufficient notice to allow him to defend the charges at trial.[1] On March 13, 2018, the Municipal Court held hearing on Dumas's motion where

---

[1] In his motion, Dumas did not seek dismissal of the citation for criminal possession of dangerous drugs—marijuana (Citation 181), and that charge is not at issue on this appeal.

2

legal arguments were presented by both Dumas and the State. Dumas asserted that while the citations may have complied with Montana law in form, they provided insufficient facts to provide him notice of the allegations and allow him to prepare for trial.[2] Contrarily, the State argued particulars such as the name of the vehicle owners are not required to be provided in charging documents, further information would be obtained through discovery, and the citations "pass the requirements for probable cause." Despite this, Dumas did not object or raise any issue disputing the existence of probable cause with regard to any citation. The Municipal Court granted Dumas's motion with regard to Citation 375 and denied the motion with regard to the remaining citations (Citations 374, 182, and 183). Thereafter, pursuant to a plea agreement, Dumas pled guilty to the remaining theft charge, one count of criminal trespass to vehicles,[3] and criminal possession of dangerous drugs, reserving the right to challenge on appeal whether the charging documents provided him with sufficient notice to understand and defend against the allegations in Citations 374, 182, and 183.

¶4 Dumas appealed to the District Court. On appeal, the District Court reviewed the record and then entered its Memorandum and Opinion Order, affirming the Municipal Court's determination that the charging documents were sufficient with regard to

---

[2] Dumas admitted at hearing on his motion that discovery would produce further information such as victims' identities. On appeal, Dumas further asserts he was not provided additional information in the course of discovery but neglects to acknowledge that prior to the case proceeding to the pretrial discovery phase, he entered into a plea agreement and pleaded guilty to the remaining cited offenses.

[3] The State dismissed one charge of criminal trespass to vehicles as part of the plea agreement.

3

Citation 374—criminal trespass to vehicle, Citation 182—criminal trespass to vehicle, and Citation 183—theft. From this, Dumas appeals.

¶5 On appeal, Dumas asserts the Municipal and District Courts violated his constitutional and statutory rights by failing to dismiss the remaining citations as they provided insufficient facts to provide him notice of the allegations against him to allow him to prepare for trial. Contrarily, the State asserts in accordance with the "common understanding rule," Dumas was properly notified of the charges against him and the circumstances that supported them. The State also asserts the Municipal Court implicitly determined probable cause existed to proceed with the prosecution of the remaining citations. Finally, the State contends Dumas waived any challenge to probable cause by his failure to object to any issue regarding probable cause in either the Municipal or District Court and he has failed to demonstrate a manifest miscarriage of justice to support plain error review.

¶6 We review a district court's review of a lower court decision as if the appeal had originally been filed with this Court, applying the appropriate standard of review. *City of Helena v. Heppner*, 2015 MT 15, ¶ 9, 378 Mont. 68, 341 P.3d 640. When a question as to the sufficiency of the evidence to establish probable cause is raised, the issue is whether the alleged facts satisfy the statutory elements of the crime charged; that is, whether there is probable cause the accused committed the offense. *State v. Giffin*, 2021 MT 190, ¶ 11, 405 Mont. 78, ___ P.3d ___. Accordingly, the question whether the charging document supports probable cause to believe an offense has been committed by the accused is a mixed

4

question of law and fact that we review de novo. *Giffin*, ¶ 11. De novo review addresses both the factual and legal components in a motion to dismiss for lack of probable cause. *Giffin*, ¶ 11.

¶7     The parties agree as to the legal framework applicable here. Article II, Section 24, of the Montana Constitution and the Sixth Amendment to the United States Constitution guarantee accused persons certain due process, "including the right to be informed of the nature and cause of the accusation." *State v. Black*, 270 Mont. 329, 336, 891 P.2d 1162, 1166 (1995). In practice, this notice is provided to the accused via the charging document at the outset of a criminal prosecution. Section 46-11-401(1), MCA, sets forth the statutory criteria for the form of charge:

> The charge must be in writing and in the name of the state or the appropriate county or municipality and must specify the court in which the charge is filed. The charge must be a plain, concise, and definite statement of the offense charged, including the name of the offense, whether the offense is a misdemeanor or felony, the name of the person charged, and the time and place of the offense as definitely as can be determined. The charge must state for each count the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated.

There is no specific statutory requirement an affidavit of probable cause accompany the charging document.[4] To determine the sufficiency of the charging document Montana law applies the common understanding rule, which requires the court determine whether upon a reading of the document "a person of common understanding" could know what is

---

[4] Generally, though, it is common practice to support the charging document with an affidavit in support of it.

intended to be charged. *State v. Brogan*, 261 Mont. 79, 86, 862 P.2d 19, 23 (1993). "[T]he test of the sufficiency of a charging document is whether the defendant is apprised of the charges and whether he will be surprised." *Brogan,* 261 Mont. at 86, 862 P.2d at 23.

¶8 From our review of the record, although somewhat truncated and not accompanied by a supporting affidavit of probable cause, the charging citations were sufficient to meet Dumas's statutory and constitutional rights to be apprised of the charges against him and avoid any surprise. Each citation in writing, designated the appropriate municipality and court, identified the name of the offense and the statutory code section of the offense violation, the date and time of the offense, the location of the offense, and the conduct Dumas was alleged to have engaged in. Dumas's claim that he was left to guess what he was alleged to have done wrong is not persuasive.

¶9 The language in the charging citations allow a person of common understanding to know what is intended to be charged—two misdemeanor criminal trespass to vehicle offenses and one misdemeanor theft offense. Specifically, with regard to the criminal trespass to property, Citations 374 and 182, a person of common understanding would understand Dumas was charged with violating § 45-6-202(1), MCA, which provides a "person commits the offense of criminal trespass to vehicles when the person purposely or knowingly and without authority enters any vehicle or any part of a vehicle." Further, a person of common understanding would understand Dumas to have, during the early morning hour (3:00 a.m. to 3:36 a.m.) on July 21, 2017, entered vehicles located on the

6

2900 Block of Warbler Way (Citation 182) and at 3177 Warbler Way (Citation 374) without authority to do so.[5]

¶10    The theft citation, Citation 183, asserted Dumas violated § 45-6-301(1), MCA. Section 45-6-301(1), MCA, provides:

> A person commits the offense of theft when the person purposely or knowingly obtains or exerts unauthorized control over property of the owner and:
> (a) has the purpose of depriving the owner of the property;
> (b) purposely or knowingly uses, conceals, or abandons the property in a manner that deprives the owner of the property; or
> (c) uses, conceals, or abandons the property knowing that the use, concealment, or abandonment probably will deprive the owner of the property.

The citation asserts Dumas violated § 45-6-301(1), MCA, by purposely, knowingly, or negligently "obtain[ing] or exert[ing] unauthorized control over property – 1st offense: stole prescription pills from vehicle belonging to another" at the "2900 Blk. Warbler Way." A person of common understanding would understand it is asserted Dumas entered a vehicle without the authority to do so. A person of common understanding would also understand that after unlawfully entering a vehicle located on the 2900 Block of Warbler Way, Dumas stole prescription pills belonging to another from the vehicle with either the intent to deprive the owner of the pills or the intent to do something with the pills that would probably deprive the owner of the pills.[6] Here, the citations reasonably apprised

---

[5] As the trespass to vehicle charge requires the defendant to have entered the vehicle without permission, Dumas's assertion that the citations were insufficient for failing to assert whether he was "authorized to enter the vehicle" defies credibility.

[6] As the theft charge requires exertion over property of another with intent to deprive the owner of the property or to use the property in a manner that deprives the owner of the property, Dumas's

7

Dumas of the charges against him and provided him opportunity to prepare and present his defense should he have desired to do so. *See State v. Wilson*, 2007 MT 327, ¶ 25, 340 Mont. 191, 172 P.3d 1264. There was no surprise, and Dumas has failed to demonstrate prejudice to his ability to defend against the offenses charged.

¶11 Dumas now also asserts the Municipal Court violated § 46-11-110, MCA, by failing to make a specific determination whether probable cause existed to allow the filing of the charges. We are not persuaded by this assertion. To establish probable cause, the State need not establish a prima facie case Dumas committed the offenses, but rather needed to show only a probability that he did. *Giffin*, ¶ 15. At hearing on Dumas's motion to dismiss, the Municipal Court heard argument that probable cause was satisfied by the citations alone. As previously discussed, Dumas did not object to any deficiencies based on lack of probable cause. The Municipal Court granted Dumas's motion to dismiss with regard to Citation 375—theft, but denied it with regard to Citations 374, 182, and 183, determining prosecution on these citations could proceed. We agree with the State, this was an implicit finding of the overall sufficiency of the charging documents, including that there was probable cause to proceed with the prosecution of the remaining cited offenses. Regardless of any error of the Municipal Court to explicitly find probable cause, Dumas has failed to demonstrate the claimed error would result in a manifest miscarriage of justice, leave unsettled the fundamental fairness of proceedings, or compromise the integrity of the

assertion "it is not clear . . . whether [the pills] belonged to another . . . or [he] intended to keep" the items alleged to have been stolen, likewise defies credibility.

8

judicial process, as required for plain error review. *See State v. Reim*, 2014 MT 108, ¶ 29, 374 Mont. 487, 323 P.3d 880. The State asserts Dumas has waived this challenge as he failed to assert, via motion or objection, any procedural error at the municipal court level regarding probable cause.

¶12 If addressed at the time, any issue regarding probable cause could have been corrected by the Municipal Court. Because Dumas failed to assert any procedural error regarding probable cause and then, at his change of plea hearing, admitted to facts supporting probable cause when entering his guilty pleas, any error relating to a probable cause determination was, at worst, de minimis.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶14 Affirmed.

/S/ INGRID GUSTAFSON

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE